**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS NAVARRETE, | No. 13-74181 |
| Petitioner, | Agency No. A095-802-017 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Carlos Navarrete, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from the

immigration judge's decision denying his application for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Navarrete met his burden of proof to establish the government of Mexico would be unwilling or unable to control the individuals he fears. *See Rahimzadeh v. Holder*, 613 F.3d 916, 920-23 (9th Cir. 2010); *see also Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to report non-governmental persecution due to belief that police would do nothing did not establish that government was unable or unwilling to control persecutors); *see also Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir. 2005) (record does not compel a contrary conclusion where "reasonable minds could differ"). Thus, Navarrete's claim for withholding of removal fails. In light of this conclusion, we do not reach Navarrete's contentions regarding a disfavored group analysis.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**

13-74181